IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1116-T/An |
| | ) | |
| JUDGE DONALD ALLEN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO STRIKE
AND
GRANTING MOTIONS TO DISMISS

Plaintiff Michael Beasley filed this action on April 21, 2005, pursuant to 42 U.S.C. § 1983. The defendants are Donald H. Allen, a Circuit Court Judge for the 26th Judicial District in Madison County, Tennessee; Judy Barnhill, the Circuit Court Clerk for the 26th Judicial District; James G. Woodall, the District Attorney General for the 26th Judicial District; Bob Anderson, supervisor of the Madison County Community Corrections Program[1]; Jamey Moore, the plaintiff's probation officer; David L. Woolfork, the Sheriff of Madison County; and Jerry Gist, the Mayor of Madison County. All of the defendants are sued in both their individual and their official capacities. Plaintiff seeks both compensatory and punitive damages.

---

[1] According to the website for the State of Tennessee, www.TennesseeAnytime.com, Community Corrections is a type of court-imposed probation, with supervision provided by local or county-level agencies under contract with the State of Tennessee.

The Court has before it a motion to dismiss filed on behalf of defendant Allen, a motion to dismiss filed on behalf of defendant Woodall, and a motion to dismiss filed on behalf of defendants Barnhill, Anderson, Moore, Woolfork and Gist. The plaintiff has responded to these motions.

The defendants have also filed a motion to strike, to which the plaintiff has not responded. The defendants ask the Court to strike certain exhibits filed with the plaintiff's October 11, 2005 response to the Madison County defendants' motion to dismiss. The exhibits in question are copies of correspondence between plaintiff's counsel and R. A. Jordan, a claims representative for Alternative Service Concepts, L.L.C., the third-party claims administrator for Madison County, Tennessee. The subject of the correspondence appears to be an attempt by plaintiff to compromise his claims against Madison County, prior to filing the present action.

Pursuant to Federal Rule of Evidence 408, "[e]vidence of conduct or statements made in compromise negotiations" is not admissible to prove or disprove the claim. However, Rule 408 also states that exclusion is not required "when the evidence is offered for another purpose." As plaintiff has not responded to the motion to strike, he has articulated no other purpose for offering these exhibits. Therefore, the motion to strike (dkt. #25) is GRANTED.[2]

A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. Rule 8(a) requires the pleader to set forth a short and plain statement

---

[2] Even if the exhibits were admissible, the Court declines to convert the pending motions to dismiss into motions for summary judgment. Therefore, none of the exhibits offered by the plaintiff in response to those motions will be considered. See Fed. R. Civ. P. 12(b).

2

of the claim showing an entitlement to relief.  In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss.  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  The complaint need only afford the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46)); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).  A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory.  Myers v. United States, 636 F.2d 166, 169 (6th Cir. 1981); Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979).  However, legal conclusions or unwarranted factual inferences need not be accepted as true.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

In his complaint, plaintiff alleges that he was convicted on August 26, 2002 in the Madison County Circuit Court on charges of first-offense driving under the influence, seventh-offense driving on a revoked license, child endangerment, and violation of child restraint laws.  He alleges that defendant Allen sentenced him to an unspecified period of incarceration and an unspecified period of probation, imposed a fine of $1,350.00 to be paid

3

in $50 monthly installments beginning October 1, 2002, and ordered him to submit to random drug screens. (Compl. ¶ 20.)

The sequence of the ensuing events is not entirely clear. Plaintiff alleges that he was subjected to a search for drugs (apparently a random drug screen) on May 6, 2004, approximately one month after he completed his sentence. Two warrants for plaintiff's arrest on probation violation charges were subsequently procured by his probation officer, defendant Moore, one of which was issued by Allen on May 14, 2004 and the other on July 26, 2004. Plaintiff alleges that Moore committed perjury in the procurement of at least one of the warrants, and that the warrants were issued without cause. Id. ¶¶ 14-16, 19.

On August 13, 2004, Allen extended plaintiff's probation for 11 months and 29 days. Plaintiff alleges that this was without a showing that he was delinquent in his payment of fines and costs. Nevertheless, plaintiff alleges that he agreed to a new payment schedule. On November 19, 2004, Allen revoked plaintiff's probation, finding that he had not complied with the terms of his probation, specifically, the payment agreement and the condition that he remain drug free. Id. ¶¶ 17-18. Plaintiff alleges that he was wrongfully prosecuted for probation violation and wrongfully incarcerated for 11 months and 29 days beyond the expiration of his sentence. Id. ¶ 1.

Plaintiff further alleges that defendant Gist, as the Madison County Mayor, failed to provide adequate funding, supervision and oversight of the Madison County Criminal Justice Complex (the "Jail"). Similarly, plaintiff alleges that defendant Woolfork, the Sheriff of Madison County, failed to provide adequate funding, training, supervision, discipline and

oversight of the Jail and its employees. Plaintiff contends that, due to these failures, he was deprived of necessary medical care while incarcerated in the Jail, which resulted in the worsening of his diabetic condition and the development of a nervous condition. Id. ¶¶ 6, 9-10, 22, 26.

Plaintiff contends that the actions of the defendants violated his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as his rights under the Tennessee Constitution.

## Individual Capacity Claims

Defendants Allen, Barnhill, Moore and Woodall move to dismiss the claims asserted against them in their individual capacities on the grounds that they are entitled to absolute judicial, quasi-judicial and prosecutorial immunity.

The doctrine of absolute judicial immunity provides judges with immunity from monetary liability for actions taken within the scope of their judicial functions. See Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997). This immunity extends to claims against a judge arising under Tennessee law. Heath v. Cornelius, 511 S.W.2d 683 (Tenn. 1974). A judicial action is one that is integrally related to the judge's performance of the adjudicative function. Mireles, 502 U.S. at 12. Likewise, court clerks also enjoy absolute immunity for judicial or quasi-judicial actions. White v. Gerbitz, 892 F.2d 457, 464-65 (6th Cir. 1989); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1989); Denman v. Leedy, 479 F.2d 1097 (6th Cir.

1973).

As with court clerks, probation officers are entitled to absolute immunity when performing judicial or quasi-judicial functions. Fleming v. Martin, 24 Fed. Appx. 258, 259 (6th Cir. Sept. 26, 2001). Quasi-judicial functions include those duties that are necessary in order to enforce the court's sentence and orders. Bennett v. Batchik, 936 F.2d 572 (Table), 1991 WL 110385, **5 (6th Cir. June 24, 1991); Bhutta v. Bush, No. 05-CV-70433- DT, 2006 WL 568343, *10 (E.D. Mich. Feb. 3, 2006).

Prosecutors also enjoy absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976). This immunity extends to those "actions that are connected with the prosecutor's role in judicial proceedings." Burns v. Reed, 500 U.S. 478, 494 (1991). See also Holloway v. Brush, 220 F.3d 767, 774 (6th Cir. 2000).

In this case, defendant Allen allegedly issued probation violation arrest warrants without cause and wrongfully extended plaintiff's probation, thereby failing to protect plaintiff's rights during the probation violation proceedings. Plaintiff also alleges that Woodall wrongfully prosecuted him for the probation violation.

With regard to defendant Barnhill, plaintiff alleges that she failed to properly credit his monthly payments to the correct case number, erroneously making it appear that he was delinquent in his payment of fines and costs. Defendant Moore allegedly failed to verify plaintiff's payment record with Barnhill, failed to keep an adequate record regarding plaintiff's discharge from probation, committed perjury in the procurement of an arrest warrant for the purpose of initiating unlawful probation revocation proceedings, and

             6

unlawfully conducted a random drug screen of plaintiff.

These actions of which plaintiff complains were taken by the defendants within the scope of their judicial, prosecutorial and quasi-judicial duties as judge, prosecutor, court clerk and probation officer. Therefore, plaintiff's claims against Allen, Woodall, Barnhill and Moore[3] in their individual capacities are subject to dismissal on the grounds of absolute immunity.

Defendant Bob Anderson, Moore's supervisor, moves for dismissal on the grounds that plaintiff has failed to state a claim for supervisory liability under § 1983. Plaintiff alleges that Anderson failed to train, supervise, instruct, or discipline Moore for his actions.

In order to impose liability on a supervisor, there must be "a direct causal link between the acts of individual officers and the supervisory defendants." Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)).

> a failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.

Id. at 874. See also Comstock v. McCrary, 273 F.3d 693, 712-13 (6th Cir. 2001); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (citing Hays, 668 F.2d at 872-74).

---

[3] In the motion to dismiss, Moore seeks only qualified immunity with regard to the alleged unlawful drug screen. However, the Court finds that this action is also a quasi-judicial function, necessary in order to enforce the plaintiff's sentence, for which Moore is entitled to absolute immunity.

Plaintiff's allegations against defendant Anderson are based solely on Anderson's failure to act. These allegations are insufficient to state a claim of supervisory liability under § 1983 and are subject to dismissal on that basis.

Plaintiff also alleges that defendants Gist and Woolfork failed to provide adequate funds to properly maintain the Jail, and failed to adequately train, supervise, discipline and oversee the Jail. These failures allegedly resulted in plaintiff being deprived of necessary medical care in violation of the Eighth Amendment. However, as with his claims against defendant Anderson, plaintiff has not alleged that either Gist or Woolfork "implicitly authorized, approved, or knowingly acquiesced in" any unconstitutional conduct. Hays, 668 F.2d at 874. Therefore, the failure to train claims brought against these defendants in their individual capacities also fail to state a claim upon which relief may be granted and are subject to dismissal.[4]

The defendants also seek dismissal of plaintiff's claims that the defendants' actions violated his rights under the Tennessee Constitution. Tennessee does not recognize a private right of action for violations of the Tennessee Constitution. Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n, 15 S.W.2d 434, 444-45 (Tenn. Ct. App. 1999); Lee v. Ladd, 834 S.W.2d 323, 324-25 (Tenn. Ct. App. Mar. 4, 1992); see also Cline v. Rogers, 87 F.3d 176, 179-80 (6th Cir. 1996); Alexander v. Beale Street Blues Co., 108 F. Supp. 2d 934, 945 (W.D. Tenn. 1999). Accordingly, these claims also are subject to dismissal.

---

[4] The claim against Gist for failure to provide adequate funding for the Jail is also barred by the doctrine of absolute legislative immunity. See Shoultes v. Laidlaw, 886 F.2d 114, 117-18 (6th Cir. 1989).

### Official Capacity Claims

As indicated, plaintiff sued the defendants in both their individual and official capacities. Official capacity suits:

> "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). See also Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003). Thus, with regard to defendants Allen, Woodall and Barnhill, the official capacity claims are to be treated as a suit against the State of Tennessee. The official capacity claims against the Madison County defendants, likewise, are to be treated as claims against Madison County.

The Eleventh Amendment provides a state, and its agencies and departments, with immunity from suits brought in federal court by its own citizens as well as by citizens of another state. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Employees v. Missouri Dept. of Pub. Health and Welfare, 411 U.S. 279, 280 (1973). There are exceptions to this general rule where Congress statutorily abrogates Eleventh Amendment immunity through clear and unmistakable language, Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985), and where a state expressly waives its sovereign immunity by specifying its intention to subject itself to suit in federal court. Id. at 241; Pennhurst, 465 U.S. at 90.

The Supreme Court has held that § 1983 does not abrogate the Eleventh Amendment immunity of the states and their agencies and departments. Quern v. Jordan, 440 U.S. 332, 340-45 (1979). Tennessee has not waived its sovereign immunity with respect to suits under § 1983. See Berndt v. State of Tennessee, 796 F.2d 879, 881 (6th Cir. 1986); Gross v. University of Tennessee, 620 F.2d 109, 110 (6th Cir. 1980); American Civil Liberties Union v. State of Tennessee, 496 F. Supp. 218, 220 (M.D. Tenn. 1980). Furthermore, a state is not a "person" that may be sued under § 1983 for money damages. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 617 (2002) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989)).

Therefore, plaintiff's claims against Allen, Woodall and Barnhill in their official capacities are barred by the Eleventh Amendment.

A governmental entity such as a city or county cannot be held vicariously liable under § 1983 for the acts of its agents or employees. There must be a showing that the constitutional violation is the result of a governmental policy or custom. Monell v. Department of Soc. Serv., 436 U.S. 658, 691 & 694 (1978). Thus, the governmental entity "is only liable when it can be fairly said that the [entity] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 122 (1992). This requires a showing that "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

The only allegations in plaintiff's complaint that could be construed as a claim of governmental policy or custom are the claims that Gist and Woolfork, who are policymakers

for Madison County, failed to adequately fund the Jail and failed to train, supervise, discipline and oversee Jail employees, resulting in a denial of medical care. However, such claims may serve as the basis for liability under § 1983 only where the failure to act amounts to deliberate indifference. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).

The failure to act must be the result of a deliberate or conscious choice, such as (1) the failure to provide adequate training in light of the foreseeable consequences, or (2) a failure to respond to repeated complaints of constitutional violations. See Brown v. Shaner, 172 F.3d 927, 931 (6th Cir. 1999). A plaintiff cannot show deliberate indifference if he does not show that Madison County knew of misconduct by its employees and failed to respond. Fisher v. Harden, 398 F.3d 837, 849 (6th Cir. 2005). In this case, plaintiff has not alleged that either Gist or Woolfork was aware that he had a need for medical care and consciously failed to respond. Therefore, the official capacity claims against Gist, Woolfork, Anderson and Moore also fail to state a claim upon which relief may be granted.

For all of the foregoing reasons, the motions to dismiss filed on behalf of the defendants (dkt. #15, #17, #24) are hereby GRANTED. The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE